**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**DAVID SMALL,**
**Plaintiff,**

**v.** **Case No.: 2:26-cv-00088**

**THOMAS LAWRENCE CONSTRUCTION, LLC,**
**Defendant.**

**DEFENDANT THOMAS LAWRENCE CONSTRUCTION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, THOMAS LAWRENCE CONSTRUCTION, LLC ("TLC" or "Defendant"), by and through undersigned counsel, answers Plaintiff's Complaint as follows. Any allegation not expressly admitted is denied.

**RESPONSES TO COMPLAINT**

**PARTIES AND JURISDICTION**

1. Defendant admits only that Plaintiff purports to assert claims including breach of contract, fraudulent misrepresentation, replevin, conversion, unjust enrichment, alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and injunctive relief. Defendant denies that it engaged in any deceptive, unfair, fraudulent, or unlawful act or practice, denies that Plaintiff suffered any legally recoverable damages caused by Defendant, and denies that Plaintiff is entitled to any relief.

2. Defendant admits that Plaintiff David Small is an individual. Defendant lacks knowledge sufficient to admit or deny Plaintiff's domicile/citizenship and therefore denies any allegation that Plaintiff is a citizen of any particular state.

3. Defendant admits that TLC is a Florida limited liability company. Defendant denies any remaining allegations.

4. Defendant admits that this action is pending in this Court following removal. Defendant admits that venue is proper in this District. Defendant denies any remaining allegations inconsistent with Defendant's jurisdictional allegations in its Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

**GENERAL ALLEGATIONS**

5. Defendant admits that Plaintiff engaged TLC for construction-related projects. Defendant denies the remaining allegations.

6. Defendant admits that the parties entered into written project documents/proposals relating to construction services and materials. Defendant denies Plaintiff's characterization of the scope, pricing, and performance obligations and denies any allegation inconsistent with the written agreements.

7. Defendant denies the allegations in paragraph 7.

8. Defendant admits that a change order/invoice relating to countertop work is referenced. Defendant denies the remaining allegations.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant admits that Plaintiff made a payment related to the countertop/change order referenced. Defendant denies the remaining allegations.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant admits that Plaintiff made demands. Defendant denies that TLC failed to perform any contractual obligation, denies any wrongful conduct, and denies that Plaintiff is entitled to the relief demanded.

17. Defendant admits that TLC performed work in connection with the Redline Auto Suites project. Defendant denies the remaining allegations.

18. Defendant admits that Plaintiff delivered certain materials/items to TLC's address in anticipation of installation. Defendant denies the remaining allegations.

19. Defendant admits that certain items remain in TLC's possession or control. Defendant denies that such possession is wrongful and denies that Plaintiff is entitled to immediate possession under the governing agreements and applicable law. Defendant affirmatively states that TLC contends it is owed substantial unpaid amounts for work and materials provided/performed on the projects and, as of January 2, 2026, two separately recorded construction liens total $128,736.27 in claimed unpaid work and materials (including a lien exceeding $88,000 relating to the auto condo project and a lien exceeding $40,000 relating to the outdoor kitchen project).

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant admits that Plaintiff made written demands and that TLC responded. Defendant denies the remaining allegations.

23. Defendant admits that Plaintiff (through counsel) sent correspondence on the dates alleged. Defendant denies the remaining allegations.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant lacks knowledge sufficient to admit or deny Plaintiff's alleged attorneys' fees arrangement and therefore denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

**COUNT I – BREACH OF CONTRACT**

28. Defendant incorporates its responses to paragraphs 1–27.

29. Defendant admits that the parties had contractual relations. Defendant denies the remaining allegations.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

**COUNT II – FRAUDULENT MISREPRESENTATION**

33. Defendant incorporates its responses to paragraphs 1–32.

34. Defendant denies the allegations in paragraph 34.

35. Defendant admits Plaintiff made a payment in the amount alleged. Defendant denies the remaining allegations.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

**COUNT III – REPLEVIN**

38. Defendant incorporates its responses to paragraphs 1–37.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant admits that certain materials/items may be located at the address identified. Defendant denies that Plaintiff is entitled to immediate possession and denies the remaining allegations.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant admits that Plaintiff made written demands. Defendant denies that Plaintiff is entitled to a writ or any replevin relief.

47. Defendant denies the allegations in paragraph 47.

**COUNT IV – CONVERSION**

48. Defendant denies the allegations in paragraph 48.

49. Defendant incorporates its responses to paragraphs 1–47.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant admits Plaintiff made written demands. Defendant denies the remaining allegations.

53. Defendant denies the allegations in paragraph 53.

**COUNT V – UNJUST ENRICHMENT**

54. Defendant denies the allegations in paragraph 54.

55. Defendant incorporates its responses to paragraphs 1–54.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

**COUNT VI – FOUTPA**

61. Defendant denies the allegations in paragraph 61.

62. Defendant incorporates its responses to paragraphs 1–60.

63. Defendant denies the allegations in paragraph 63.

64. Defendant admits only that TLC engaged in trade or commerce in the general sense; Defendant denies any unfair or deceptive act or practice and denies the remaining allegations.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

**COUNT VII – INJUNCTIVE RELIEF**

70. Defendant incorporates its responses to paragraphs 1–69.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, and expressly reserving all defenses, TLC asserts the following affirmative defenses. TLC reserves the right to amend and/or supplement these defenses as discovery proceeds.

1. **Failure to State a Claim.** One or more counts of the Complaint fail to state a claim upon which relief can be granted under the federal plausibility pleading standard. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

2. **Fraud Not Pleaded With Particularity.** Plaintiff's fraud-based allegations (Count II) are barred, in whole or in part, for failure to plead fraud with the particularity required in federal court. Fed. R. Civ. P. 9(b); United States ex rel. Clausen v. Lab'y Corp. of Am., Inc., 290 F.3d 1301 (11th Cir. 2002).

3. **Fraud Elements Not Satisfied.** Plaintiff's fraudulent misrepresentation claim is barred or limited because Plaintiff cannot prove the required elements under Florida law, including a material misrepresentation and injury caused by action taken in reliance. Butler v. Yusem, 44 So. 3d 102 (Fla. 2010).

4. **Contract/Tort Boundary Limits Extra-Contractual Theories.** Plaintiff's tort and statutory claims are barred or limited to the extent they seek to recast an alleged contract/performance dispute as tort-based or extra-contractual liability. Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc., 110 So. 3d 399 (Fla. 2013).

5. **Material Breach / Prior Breach by Plaintiff.** Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached the parties' agreements and/or failed to perform conditions required of Plaintiff, thereby excusing TLC's alleged nonperformance and/or limiting Plaintiff's recoverable damages.

6. **Failure of Conditions Precedent.** Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to satisfy conditions precedent (contractual and/or legal) to recovery.

7. **Setoff / Recoupment.** Any recovery by Plaintiff, if any, must be reduced by setoff and/or recoupment for amounts due and owing to TLC, including for labor, services, project administration, storage/handling, and other charges or credits under the parties' agreements and course of dealings.

8. **Mitigation of Damages.** Plaintiff's recovery is barred or reduced to the extent Plaintiff failed to mitigate damages.

9. **No Causation / Intervening Cause**. Plaintiff's alleged damages were not caused by TLC's acts or omissions, were caused in whole or in part by Plaintiff and/or third parties, and/or were the result of intervening or superseding causes.

10. **FDUTPA—No Cognizable "Actual Damages" / Improper Damages Categories.** Plaintiff's FDUTPA claim is barred or limited because FDUTPA damages are limited to "actual damages," and Plaintiff seeks and/or cannot prove damages

beyond those allowed. Rollins, Inc. v. Heller, 454 So. 2d 580 (Fla. 3d DCA 1984); Dorestin v. Hollywood Imports, Inc., 45 So. 3d 819 (Fla. 4th DCA 2010); Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati, 715 So. 2d 311 (Fla. 4th DCA 1998).

11. **Replevin—No Superior Right to Immediate Possession**. Plaintiff's replevin claim is barred to the extent Plaintiff cannot establish a superior right to immediate possession of the specific property at issue, as required in a replevin action. Wisniewski v. Hist. Ass'n of S. Fla., Inc., 408 So. 2d 746 (Fla. 3d DCA 1982); Bringley v. C.I.T. Corp., 160 So. 680 (Fla. 1935); Fla. Stat. §§ 78.01–.22.

12. **Equitable Relief Barred—Adequate Remedy at Law / Failure to Satisfy Injunction Standards**. Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law and cannot satisfy the requirements for injunctive relief. Fed. R. Civ. P. 65.

13. **Reservation of Additional Defenses.** TLC reserves the right to assert additional defenses, offsets, and affirmative defenses as they become known through investigation and discovery.

14. **Amounts Due and Owing / Recorded Construction Liens.** Plaintiff's claims are barred or reduced to the extent TLC is owed unpaid amounts for labor, services, and materials furnished on the projects, as reflected in construction liens recorded as of January 2, 2026 totaling $128,736.27, and TLC is entitled to recover and/or credit such sums by setoff, recoupment, and other applicable remedies.

15. **Lawful Retention Pending Payment; Storage/Handling Charges**. Plaintiff's replevin and conversion-based claims are barred or limited to the extent TLC's continued possession of certain items was lawful and related to the parties' contractual

and payment dispute, including to preserve TLC's rights and leverage while unpaid amounts are resolved, and further to the extent TLC incurred and is entitled to recover storage and handling charges for safeguarding items delivered to TLC's office rather than the job site.

Respectfully submitted,

/s/ Petia B. Tenev, Esq.

Petia B. Tenev, Esq.
4604 49th Street North, Ste. 1127
St. Petersburg, FL 33709
Tel: (727) 697-7173
E-mail: tenevlaw@gmail.com
Florida Bar No. 93831
Counsel for Defendant,
Thomas Lawrence Construction, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2026, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

/s/ Petia B. Tenev, Esq.

Petia B. Tenev, Esq.